

**U.S. Department of Justice**

*Andrew E. Lelling*
*United States Attorney*
*District of Massachusetts*

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

January 12, 2018

Joshua S. Levy
Ropes & Gray
Prudential Tower
800 Boylston Street
Boston, MA 02199-3600

      Re:    United States v. Aegerion Pharmaceuticals, Inc.
              <u>Crim. No. 17-10288-WGY</u>

Dear Mr. Levy:

      The United States Attorney for the District of Massachusetts and the United States Department of Justice, Consumer Protection Branch (jointly, "the United States"), and your client, Aegerion Pharmaceuticals, Inc. ("Aegerion" or "Defendant"), agree as follows with respect to the above-referenced case:

      1.    <u>Pleas</u>

      At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Plea Agreement as Exhibit A charging it with two misdemeanor violations of the Federal Food, Drug, and Cosmetic Act, 21 U.S.C. §§ 331(a), 333(a)(1), 352(f)(1), and 352(y). Defendant expressly and unequivocally admits that it committed the crimes charged in the Information and is in fact guilty of those offenses. Defendant also agrees to waive venue, to waive any applicable statute of limitations, and to waive any legal or procedural defects in the Information.

      2.    <u>Penalties</u>

Defendant faces the following maximum penalties:

          a.    A fine of $400,000 ($200,000 per count), or twice the gross gain/loss, whichever is greater. *See* 18 U.S.C. § 3571(c), (d). The gross gain resulting from the offense is $15,764,320. Thus, the maximum fine is $31,528,640;

   b. A term of probation of not more than five (5) years. *See* 18 U.S.C. § 3561(c)(2);

   c. A mandatory special assessment of $250 ($125 per count). *See* 18 U.S.C. § 3013;

   d. Restitution to any victims of the offense if authorized by applicable law; and

   e. Forfeiture to the extent charged in the Information.

3. <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above and the provisions of the Sentencing Reform Act. While the Court may impose a sentence up to and including the statutory maximum fine and the statutory maximum probation term, it must consult and take into account the advisory United States Sentencing Guidelines ("USSG" or "Guidelines") and the other factors set forth in 18 U.S.C. § 3553(a) in imposing a sentence.

The parties agree that while the fine provisions of the Guidelines do not apply to organizational defendants for misdemeanor violations of the Federal Food, Drug, and Cosmetic Act, *see* USSG § 8C2.1, the following is consonant with the Guidelines and takes into account Aegerion's conduct under 18 U.S.C. §§ 3553 and 3572 and USSG § 8C2.10:

- The base fine is $15,764,320, because this was the reasonably estimated pecuniary gain to Defendant from the offenses. *See* USSG § 8C2.4(a)(2);

- Under USSG § 8C2.5, the culpability score is six (6), determined as follows:

   (a) The base culpability score is five (5), under USSG § 8C2.5(a);

   (b) Three (3) points are added because the organization had 200 or more employees and an individual within high-level personnel of the organization participated in, condoned, or was willfully ignorant of the offenses, under USSG § 8C2.5(b)(3)(A); and

   (c) Two (2) points are deducted because the organization fully cooperated in the investigation and clearly demonstrated recognition and affirmative acceptance of responsibility for its criminal conduct, under USSG § 8C2.5(g)(2);

- Under USSG § 8C2.6, the appropriate multiplier range associated with a culpability score of six is 1.2 to 2.4;

  - Thus, under USSG § 8C2.7, the Guidelines fine range is initially calculated as $18,917,184 to $37,834,368. And in accordance with USSG § 8C3.1(a) (restricting the fine range by the maximum fine authorized by statute or any

minimum fine required by statute), the Guidelines fine range is $18,917,184 to $31,528,640.

Notwithstanding the agreed upon advisory Guidelines fine range, the parties further agree that, under USSG § 8C3.3(b), there is a basis for a reduction in the fine recommended by USSG § 8C2.7 because, based on a review of Aegerion's financial data, the parties agree that Aegerion is not able to pay and, even with the use of a reasonable installment schedule, is not likely to become able to pay the minimum advisory Guidelines fine. As a result, the parties agree that a fine below the advisory Guidelines fine range would result in a reasonable sentence, taking into consideration the factors set forth in 18 U.S.C. §§ 3553(a) and 3572.

Nothing in this Plea Agreement affects the United States' obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The parties agree to recommend the following sentence before the Court:

a. a criminal fine in the amount of $7,200,000, with $1,000,000 to be paid within three business days of when the judgment is issued and the remaining $6,200,000 to be paid in twelve quarterly installments over three years, with the first quarterly payment to occur within ninety calendar days of the date of when the judgment is issued and the remaining eleven payments due every ninety days thereafter. Payment of interest from the first payment date on the unpaid principal balance at the rate of 1.75 percent per annum is payable with each quarterly installment of principal, as follows:

| Quarter | Payment | Interest | Principal | Balance |
|---|---|---|---|---|
|  |  |  |  | $6,200,000.00 |
| 1 | $654,902.78 | $27,125.00 | $627,777.78 | $5,572,222.22 |
| 2 | $652,156.25 | $24,378.47 | $627,777.78 | $4,944,444.44 |
| 3 | $649,409.72 | $21,631.94 | $627,777.78 | $4,316,666.66 |
| 4 | $646,663.20 | $18,885.42 | $627,777.78 | $3,688,888.88 |
| 5 | $477,250.00 | $16,138.89 | $461,111.11 | $3,227,777.77 |
| 6 | $475,232.64 | $14,121.53 | $461,111.11 | $2,766,666.66 |
| 7 | $473,215.28 | $12,104.17 | $461,111.11 | $2,305,555.55 |
| 8 | $471,197.92 | $10,086.81 | $461,111.11 | $1,844,444.44 |
| 9 | $469,180.55 | $8,069.44 | $461,111.11 | $1,383,333.33 |
| 10 | $467,163.19 | $6,052.08 | $461,111.11 | $922,222.22 |
| 11 | $465,145.83 | $4,034.72 | $461,111.11 | $461,111.11 |
| 12 | $463,128.47 | $2,017.36 | $461,111.11 | $0.00 |

In accordance with 18 U.S.C. § 3572(d)(3), Aegerion will notify the Court of any material change in Aegerion's economic circumstances that might affect Aegerion's ability to pay the fine. Upon receipt of such notice, the Court

3

may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require;

b. a mandatory special assessment in the amount of $250, payable to the Clerk of the Court on or before the date of sentencing;

c. because (1) the Civil False Claims Act Settlement Agreement in the pending civil action captioned *United States ex rel. Michelle Clarke et al. v. Aegerion Pharmaceuticals, Inc., et al.*, No. 13-CV-11785-RWZ (D. Mass.) recompenses any government health-care benefits programs that may have been victims of the offense and (2) in order to avoid the complication and prolongation of the sentencing process that would result from litigating whether any other parties meet the legal definition of victims pursuant to 18 U.S.C. § 3663 and the extent of any proximate harm such parties may have suffered, the parties recommend that the Court order no restitution in this case under 18 U.S.C. § 3563(b)(2). However, if the Court finds that an alternative restitution order is necessary to recompense any potential identifiable non-governmental victims in this case, the United States and Aegerion agree to recommend that such an order include the procedures described in Appendix A of this Plea Agreement; and

d. a term of probation between three (3) and five (5) years, which, in addition to standard terms of probation the Court deems appropriate, will include the following special terms of probation:

  i. Aegerion and its current employees and agents shall not disparage the factual basis of Aegerion's guilty pleas or deny that Aegerion itself is guilty of the offenses of conviction, and if any such statement is made by an employee or agent, and such statement can be fairly imputed to Aegerion, Aegerion must repudiate the statement within five days of such notification;

  ii. The obligations of Aegerion under Paragraph 10 of the Plea Agreement with the United States are incorporated into the terms of probation;

  iii. Aegerion will promptly notify the U.S. Probation Office of any material change in its economic circumstances that might affect its ability to pay the fine;

  iv. Aegerion shall comply with the Deferred Prosecution Agreement (Exhibit B) with the United States (17-CR-10289-RGS). Additionally, Aegerion shall promptly notify the U.S. Probation Office if the U.S. Department of Justice finds Aegerion to have committed a breach of the Deferred Prosecution Agreement; and

4

        v.        Aegerion shall comply with the Corporate Integrity Agreement (Exhibit E) with the U.S. Department of Health and Human Services, Office of Inspector General. Additionally, Aegerion shall promptly notify the U.S. Probation Office if the U.S. Department of Health and Human Services, Office of Inspector General, finds Aegerion to have committed a breach of the Corporate Integrity Agreement.

5. <u>Defendant's Obligations</u>

Defendant agrees to abide by all terms and obligations of this Plea Agreement. The United States may, at its sole option, be released from its commitments under this Plea Agreement, including, but not limited to, its agreement that Paragraph 4 constitutes the appropriate disposition of this case, if at any time between Defendant's execution of this Plea Agreement and sentencing, Defendant:

(a)    Fails to complete a factual basis for the pleas;

(b)    Fails to truthfully admit Defendant's conduct in the offenses of conviction;

(c)    Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(d)    Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under USSG § 1B1.3;

(e)    Engages in acts that form a basis for finding that Defendant has obstructed or impeded the administration of justice under USSG § 3C1.1;

(f)    Commits a crime; or

(g)    Attempts to withdraw Defendant's guilty pleas.

6. <u>No Further Prosecution of Aegerion</u>

Under Fed. R. Crim. P. 11(c)(1)(A), the United States agrees that, other than the charges in the attached Information, the charges described in the parties' separate Deferred Prosecution Agreement, and potential charges resulting from any investigations of Aegerion regarding possible violations of the Foreign Corrupt Practices Act and related offenses in connection with the sales and marketing of Aegerion products to foreign customers, it shall not further prosecute Aegerion for any additional federal criminal charges with respect to the conduct: (a) covered by the Information; (b) that was the subject of the investigation of Aegerion by the U.S. Attorney's Office for the District of Massachusetts into the sales, promotion, marketing, and patient on-boarding practices in connection with Aegerion's product, Juxtapid; or (c) currently known to the United States regarding sales, promotion, marketing, and patient on-boarding practices in connection with Aegerion's product, Juxtapid.

This declination is expressly contingent on (i) the guilty pleas of Aegerion to the attached Information being accepted by the Court and not withdrawn or otherwise challenged by Aegerion; and (ii) Aegerion's performance of all of its obligations, including without limitation its cooperation obligations, as set forth in this Plea Agreement. If Aegerion's guilty pleas are not accepted by the Court or are withdrawn for any reason, or if Aegerion should fail to perform an obligation under this Plea Agreement or the attached Civil False Claims Act Settlement Agreement (Exhibit C), this declination of prosecution shall be null and void.

The United States reserves the right to prosecute any individual, including but not limited to present and former officers, directors, employees, and other agents of Aegerion, in connection with the conduct encompassed by this Plea Agreement, within the scope of the grand jury investigation, or known to the United States.

7. Waiver of Appellate and Other Rights

   a. Defendant has conferred with its attorney and understands that it has the right to challenge its conviction and its sentence (including any orders relating to the terms and conditions of probation, fines, forfeiture, and restitution) in the United States Court of Appeals for the First Circuit ("direct appeal"). Defendant also understands that, in some circumstances, Defendant may be able to argue in a future proceeding (collateral or otherwise), such as pursuant to a motion under 28 U.S.C. § 2255 or 28 U.S.C. § 2241, that Defendant's conviction should be set aside or Defendant's sentence (including any orders relating to the terms and conditions of probation, fines, forfeiture, and restitution) should be set aside or reduced.

   b. Defendant waives any right to challenge Defendant's conviction on direct appeal or in any future proceeding (collateral or otherwise).

   c. Defendant agrees not to file a direct appeal or challenge in a future proceeding (collateral or otherwise) any orders relating to the terms and conditions of probation, fines, forfeiture, and restitution provided that the Court sentences the Defendant consistent with the recommendation of the parties set forth in Paragraph 4 above. This provision is binding even if the Court's Guidelines analysis is different from that set forth in this Plea Agreement as long as the sentence imposed is consistent with the recommendation of the parties set forth in Paragraph 4 above.

   d. The United States likewise agrees that, regardless of the analysis employed by the Court, it will not appeal any orders relating to the terms and conditions of probation, fines, forfeiture, and restitution provided that the Court sentences the Defendant consistent with the recommendation of the parties set forth in Paragraph 4 above.

   e. Regardless of the previous subparagraphs, Defendant reserves the right to claim that: (i) Defendant's lawyer rendered ineffective assistance of counsel

under *Strickland v. Washington*; or (ii) the prosecutors in this case engaged in misconduct that entitles Defendant to relief from Defendant's conviction or sentence.

    f.    Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 limit the admissibility of statements made in the course of plea proceedings or plea discussions in both civil and criminal proceedings, if the guilty pleas are later withdrawn. Defendant acknowledges that it has discussed these rules with its counsel and understands them. Solely to the extent set forth below, Defendant voluntarily waives and gives up the rights enumerated in Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410. Specifically, Defendant understands and agrees that any statements that it makes in its court filings and at any hearings in connection with the Information or this Plea Agreement, including a factual basis in support of its pleas, are admissible against it for any purpose in any U.S. federal criminal proceeding if Defendant breaches the plea agreement.

8.    <u>Court Not Bound by Plea Agreement</u>

The parties' sentencing recommendations and their respective calculations under the USSG are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw its plea of guilty regardless of what sentence is imposed, or because the U.S. Probation Office or the Court declines to follow the parties' USSG calculations or recommendations. Should the Court decline to follow the U.S. Attorney's USSG calculations or recommendations, the United States reserves the right to defend the Court's calculations and sentence in any legal proceeding.

9.    <u>Cooperation</u>

Aegerion acknowledges that its prior, ongoing, and future cooperation is important and a material factor underlying the United States' decision to enter into this Plea Agreement. Aegerion therefore agrees to continue to cooperate fully and actively with the United States, and any other agency of the federal government designed by the United States, regarding any matter about which Aegerion has knowledge or information in any investigation, trial, or other proceeding arising out of any federal investigation on the subject matter identified above in paragraphs 6(a) to 6(b). Aegerion shall use reasonable best efforts to cooperate with respect to the subject matter identified in paragraphs 6(a) to 6(b) above and such cooperation shall include, but not be limited to the following:

    a.    Completely and truthfully disclosing all non-privileged information in its possession about which the United States may reasonably inquire, including but not limited to all information about activities of Aegerion and present and former officers, directors, employees, and agents of Aegerion;

7

    b.    Assembling, organizing, and providing all non-privileged documents, records, and other evidence in Aegerion's possession, custody, or control as the United States reasonably may request;

    c.    Using its reasonable best efforts to make available its present and former officers, directors, and employees to provide information and/or testimony as the United States may request, including testimony before a grand jury, a trial court, other court proceeding, as well as interviews with law enforcement authorities. Cooperation under this Paragraph shall include identification of witnesses who have material information concerning any criminal prosecution and/or trial, civil trial, or other legal proceedings brought by the United States against any present or former officer, director, or employee of Aegerion;

    d.    Providing testimony or information necessary to identify or establish the original location, authenticity, or other basis for admission into evidence of documents or physical evidence in any criminal or other proceeding as the United States may request; and

    e.    Providing active assistance, including assistance by current counsel and/or successor counsel, internal or external, in connection with any investigation, criminal prosecution, and/or trial, civil trial, or other legal proceeding brought by the United States against any present or former officer, director, or employee of Aegerion.

However, notwithstanding any provision of this Plea Agreement, Aegerion is not required to: (1) request of its current or former officers, agents, or employees that they forego seeking the advice of an attorney or that they act contrary to that advice; (2) take any action against its officers, agents, or employees for following their attorney's advice; or (3) waive any claim of privilege or work product protection.

10.    <u>Certifications and Resolutions</u>

Aegerion agrees to make certain certifications and resolutions to the United States as follows:[1]

    a.    Aegerion will conduct the reviews described in this Paragraph for each of three (3) Review Periods. The duration of the first and second Review Periods each will be one year, beginning with the first one-year period

---

[1] Consistent with the U.S. Department of Justice's Freedom of Information Act ("FOIA") procedures, the United States shall make reasonable efforts to notify Aegerion prior to any release by the Department of Justice of information submitted by Aegerion pursuant to its obligations under this Plea Agreement and identified upon submission of Aegerion as trade secrets, or information that is commercial or financial and privileged or confidential, under the FOIA rules. With respect to such releases, Aegerion shall have the rights set forth under said procedures.

following the entry of the guilty pleas in this matter. The duration of the third Review Period will be nine months. Aegerion will provide the certifications and resolutions described in this Paragraph to the Government within one hundred twenty (120) days following the end of each of the first and second Review Periods, and within sixty (60) days following the end of the third Review Period.

b.  Following the end of each Review Period, the President of Aegerion shall conduct a review of Aegerion's compliance with its obligations under this Plea Agreement and the Civil Consent Decree of Permanent Injunction to be monitored by the Food and Drug Administration (17-cv-11818-MLW) for the preceding Review Period. Based on his or her review, the President shall submit to the United States a signed certification stating that, to the best of his or her knowledge based on a reasonable inquiry, during the preceding Review Period, Aegerion (1) complied with all its obligations under this Plea Agreement, including its obligations to cooperate with and make reports to the United States; and (2) complied with all its obligations under the Civil Consent Decree of Permanent Injunction. The certification shall summarize the review described above. If the President of Aegerion is unable to provide any part of this certification as specified herein, he or she shall provide a detailed explanation of why he or she is unable to provide such certification. The certification and detailed explanation shall be sworn to under the pains and penalty of perjury and shall set forth that the representations contained therein may be provided to, relied upon, and material to the United States, and that a knowing false statement could result in criminal or civil liability for the signatory.

c.  Following the end of each Review Period, the Board of Directors of Novelion Therapeutics Inc. (or any future parent company of Aegerion), or a designated Committee thereof (the "Board"), shall conduct a review of Aegerion's compliance with its obligations under this Plea Agreement and the Civil Consent Decree of Permanent Injunction referred to in this Paragraph for the preceding Review Period. The Board shall evaluate Aegerion's compliance by, at a minimum, receiving updates about the activities of management employees responsible for ensuring compliance with this Plea Agreement and the Civil Consent Decree of Permanent Injunction, and updates about the adoption and implementation of policies, procedures, and practices as it relates to such compliance. Based on its review, the Board shall submit to the United States a resolution that summarizes its review and oversight as set forth above and that includes, at a minimum, the following language:

> The Board of Directors of Novelion Therapeutics Inc. [or any future parent company of Aegerion] (or a designated Committee of the Board) has made a reasonable inquiry as described in Paragraph 10 of the Plea Agreement with Aegerion concerning Aegerion's compliance with its obligations under the Plea Agreement and the Civil Consent Decree of

>Permanent Injunction for the preceding Review Period, [insert date range], including the performance of management employees responsible for ensuring such compliance. Based on its reasonable inquiry and review, the Board has concluded that, to the best of its knowledge, Aegerion has complied with all of its obligations under the Plea Agreement and the Civil Consent Decree of Permanent Injunction.

>If the Board is unable to provide any part of this statement, it shall include in the resolution a written explanation of the reasons why it is unable to provide such a statement.

  d. The certifications and resolutions referenced in this Paragraph shall be given by personal delivery, overnight delivery by a recognized delivery service, or registered or certified mail, addressed to:

>Chief, Health Care Fraud Unit
>U.S. Attorney's Office for the District of Massachusetts
>John Joseph Moakley Federal Courthouse
>One Courthouse Way
>Boston, MA 02210

>and

>Director, Consumer Protection Branch
>U.S. Department of Justice
>450 5th Street, NW
>Washington, DC 20530

  e. The United States' acceptance of delivery of any certification or resolution referenced in this Paragraph, or the absence of any response thereto, is not, and shall not be construed as, evidence of compliance with this Plea Agreement; the Civil Consent Decree of Permanent Injunction; the Federal Food, Drug, and Cosmetic Act; or any other applicable laws, policies, or procedures. The certifications and resolutions referenced in this Paragraph are in addition to, and not in lieu of, any obligation Aegerion may have under the Civil Consent Decree of Permanent Injunction.

11. <u>Civil Liability</u>

By entering into this Plea Agreement, the United States does not compromise any civil or administrative liability, including but not limited to any tax liability, Defendant may have incurred or may incur as a result of Defendant's conduct and pleas of guilty to the charges specified in Paragraph 1 of this Plea Agreement.

Defendant's civil liability to the United States in connection with certain of the matters under investigation by the United States is resolved in the attached Civil False Claims Act Settlement Agreement (Exhibit C) according to the terms of that Agreement.

12. Waiver of Defenses

Should Defendant move to withdraw or otherwise challenge its guilty plea at any time, should Defendant breach this Plea Agreement, or should the Court reject Defendant's guilty plea for whatever reason, Defendant agrees to waive any defenses based upon the statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act with respect to any and all charges that could have been timely brought or pursued as of the date of this Plea Agreement.

13. Rejection of Plea by Court

Should the Court not accept Defendant's guilty plea for whatever reason, this Plea Agreement shall be null and void at the option of the United States.

14. Breach of Plea Agreement

If the United States determines that Aegerion has failed to comply with any material provision of this Plea Agreement, the United States may, at its sole option, be released from its commitments under this Plea Agreement in its entirety by notifying Aegerion, through counsel or otherwise, in writing. The United States may also pursue all remedies available under the law, even if it elects not to be released from its commitments under this Plea Agreement. Aegerion recognizes that no such breach by Aegerion of an obligation under this Plea Agreement shall be grounds for withdrawal of its guilty plea. Aegerion understands that should it breach any provision of this Plea Agreement, the United States will have the right to use against Aegerion before any grand jury, at any trial or hearing, or for sentencing purposes, any statements that may be made by Aegerion, and any information, materials, documents, or objects that may be provided by it to the government subsequent to this Plea Agreement, without any limitation.

In the event that the United States determines that Aegerion at any time hereafter has breached any provision of this Plea Agreement, Aegerion understands that (1) the United States will, as of the date of that determined breach, be relieved of any obligations it may have in this Plea Agreement and the attached Civil False Claims Act Settlement Agreement, including but not limited to the promise not to further prosecute Aegerion as set forth in this Plea Agreement; and (2) Aegerion will not be relieved of its obligation to make the payments set forth in this Plea Agreement and the attached Civil False Claims Act Settlement Agreement, nor will it be entitled to return of any monies already paid. Moreover, in the event of a material breach of this Plea Agreement, Aegerion understands and agrees that the United States may pursue any and all charges that might otherwise have been brought but for this Plea Agreement, and Aegerion hereby waives, and agrees it will not interpose, any defense to any charges brought against it that it might otherwise have under the Constitution for pre-indictment delay, any statute of limitations, or the Speedy Trial Act.

In addition, in the event that the United States determines that Defendant has breached this Plea Agreement: (1) all statements made by or on behalf of Defendant to the United States or to the Court in its court filings and at any hearings and any leads derived from such statements shall be admissible in evidence in any and all criminal proceedings brought by the United States against Defendant; and (2) Defendant shall not assert any claim under the United States Constitution, Rule 11(f) of the Federal Rules of Criminal Procedure, Rule 410 of the Federal Rules of Evidence, or any other federal rule that any such statements made by or on behalf of Defendant prior or subsequent to this Plea Agreement, or any leads derived therefrom, should be suppressed or are otherwise inadmissible in any U.S. federal criminal proceeding against Defendant. The United States shall have sole discretion to decide whether conduct or statements of any current director, officer or employee, or any person acting on behalf of, or at the direction of, Defendant, will be imputed to Defendant for the purpose of determining whether Defendant has violated any provision of this Plea Agreement.

15.  Who Is Bound by Plea Agreement

On the matters set forth in Paragraph 6 above, this Plea Agreement is binding upon Aegerion, the United States Attorney for the District of Massachusetts, and the Consumer Protection Branch of the United States Department of Justice. Aegerion understands that this Plea Agreement does not bind any state or local prosecutive authorities, the Fraud Section of the Civil Division of the U.S. Department of Justice, the Tax Division of the U.S. Department of Justice, or the Internal Revenue Service of the U.S. Department of the Treasury.

16.  Corporate Authorization

Aegerion's acknowledgement of this Plea Agreement and execution of this Plea Agreement is attached as Exhibit D.

17.  Complete Plea Agreement

This Plea Agreement and the attachments hereto set forth the complete and only agreement between the parties relating to the disposition of the Information described in Paragraph 1. No promises, representations, or agreements have been made other than those set forth in this Plea Agreement and its attachments. This Plea Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Plea Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in Court.

*   *   *

If this letter accurately reflects the agreement between the United States and your client, Aegerion, please have the authorized representative of Aegerion sign the Corporate Acknowledgment of Plea Agreement, and please sign the certification (Exhibit D). Return the original of the Corporate Acknowledgment of Plea Agreement to Assistant U.S. Attorney Kriss Basil.

Very truly yours,

Andrew E. Lelling
United States Attorney

By: *(signature)*
K. Nathaniel Yeager
Chief, Health Care Fraud Unit

*(signature)*
Kriss Basil
Young Paik
Assistant U.S. Attorneys


Gustav W. Eyler
Acting Director
Consumer Protection Branch
U.S. Department of Justice

Jill P. Furman
Deputy Director

By:_____
Shannon Pedersen
Trial Attorney

13

If this letter accurately reflects the agreement between the United States and your client, Aegerion, please have the authorized representative of Aegerion sign the Corporate Acknowledgment of Plea Agreement, and please sign the certification (Exhibit D). Return the original of the Corporate Acknowledgment of Plea Agreement to Assistant U.S. Attorney Kriss Basil.

Very truly yours,

Andrew E. Lelling
United States Attorney

By: _____
K. Nathaniel Yeager
Chief, Health Care Fraud Unit


_____
Kriss Basil
Young Paik
Assistant U.S. Attorneys


Gustav W. Eyler
Acting Director
Consumer Protection Branch
U.S. Department of Justice

Jill P. Furman
Deputy Director

By: _____
Shannon Pedersen
Trial Attorney

## APPENDIX A

If the Court finds that an alternative restitution order is necessary to recompense any potential identifiable non-governmental victims in this case, the United States and Aegerion agree to recommend that such an order include the following procedures:

1. Aegerion shall pay restitution under 18 U.S.C. § 3663(a)(3) to identifiable non-governmental persons who were directly and proximately harmed, by way of physical injury or pecuniary loss, as a result of the commission of the crimes to which Aegerion is pleading guilty pursuant to Paragraph 1 of this Plea Agreement;

2. The Court will appoint a United States Magistrate Judge or Special Master under 18 U.S.C. § 3664(d)(6), as appropriate and necessary to determine the proper disposition of restitution. Given Aegerion's financial situation, the parties recommend that a U.S. Magistrate Judge should be appointed rather than a Special Master. The United States Magistrate Judge or Special Master, as determined by the Court, will make findings of fact and recommendations to the Court regarding: (a) the individuals and entities who should receive restitution; and (b) the restitution amounts these individuals and entities should receive;

3. In connection with the administration and disposition of restitution in this matter, the United States Magistrate Judge or Special Master shall:

    a. Notify potential claimants of the restitution claim process within 30 days of the sentencing proceeding;

    b. Collect restitution claims for a period of 120 days after the date of the notice;

    c. Determine the validity of each restitution claim, and for each valid claim, determine the full amount of the victim's loss;

    d. Implement appropriate procedures necessary to carry out the foregoing duties within 30 days of the sentencing proceeding;

    e. Report to the Court every 30 days following the sentencing proceeding on the status of the United States Magistrate Judge's or Special Master's work to date, anticipated future efforts, and any matters the United States Magistrate Judge or Special Master believes require the Court's attention;

4. Aegerion shall promptly provide to the United States Magistrate Judge or Special Master all documentary materials and testimonial information reasonably requested by the United States Magistrate Judge or Special Master;

5. Aegerion shall pay in full any costs, fees, and expenses the United States Magistrate Judge or Special Master incurs in carrying out his or her duties separate and apart from any restitution paid to claimants; and

6.       Aegerion's initial payment of $1,000,000 within three days of the issuance of the judgment under the fine provision shall be designated as the fund from which any valid restitution claims will be first paid. If this fund is exhausted, any additional amount of restitution paid by Aegerion shall be subtracted from any remaining scheduled fine payment(s). If this fund is not exhausted, however, any remainder shall revert to satisfaction of the fine.